UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ERIC D. SMITH,                                    )
                                                  )
        Plaintiff,                             )
                                                  )
v.                                                )     No. 1:09-cv-964-WTL-JMS
                                                  )
JEFF WRIGLEY, et al.,                             )
                                                  )
        Defendants.                            )

**Entry Discussing Motions for Summary Judgment**

For the reasons explained in this Entry, the defendants' motion for summary judgment must be granted, while that of the plaintiff must be denied.

**Discussion**

Eric Smith brings this action against Jeff Wrigley, former Superintendent of the New Castle Correctional Facility, and Edward Buss, Commissioner of the Indiana Department of Correction. Smith alleges that the defendants violated his constitutional rights by depriving him of six hardcover books while he was confined at the New Castle facility. His claim is asserted pursuant to 42 U.S.C. § 1983. He seeks injunctive relief and damages.

Both Smith and the defendants seek resolution of these claims through summary judgment. Summary judgment is proper if "there is no genuine issue as to any material fact and [ ] the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The statute of limitations applicable to Smith's claim is two years. *Forman v. Richmond Police Department,* 104 F.3d 950 (7th Cir. 1997) ("[T]he two-year Indiana statute of limitations for personal injuries (IND. CODE § 34-1-2-2) applies to § 1983 claims.")(citing *Perez v. Sifel,* 57 F.3d 503, 505 (7th Cir. 1995)). When a § 1983 claim accrues is an issue of federal law, see *Sellars v. Perry,* 80 F.3d 243, 245 (7th Cir. 1996), and the federal rule is that a cause of action accrues "when the plaintiff has a 'complete and present cause of action' . . . that is 'when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 127 S. Ct. 1091, 1095 (2007).

The defendants contend that Smith's claims accrued in 2003 when the books were initially taken. Smith counters that because his books are still being withheld from him, the

doctrine of continuing wrong applies and the statute of limitations has not yet begun to run.[1] The doctrine of continuing wrong applies to the determination of the accrual of a claim "when 'it would be unreasonable to expect the plaintiff to perceive offensive conduct,' [ ] when the earlier violation may be recognizable as actionable only in light of later events," or when "each day or week brings a fresh wrong." *Pitts v. City of Kankakee, Ill.*, 267 F.3d 592, 595 (7th Cir. 2001) (citations omitted). The continuing violation doctrine tolls a statute of limitations when a defendant engages in continuing objectionable acts. *Delaware State College v. Ricks,* 449 U.S. 250, 257 (1980). However, continuing adverse effects, without continuing actions, do not toll the statute. *Id.* That is the case here. Smith's claims are based on one discrete act – the deprivation of his books. That they have not been returned does not convert that act into a continuing wrong. Accordingly, any claim that Smith may have had based on the deprivation of these hardcover books accrued in 2003. The statute of limitations expired two years later, in 2005. Smith did not file this lawsuit until 2009, well past the statute of limitations. The other arguments presented by the defendants, as well as Smith's own arguments in support of his motion for summary judgment, need not be separately addressed in these circumstances.

The defendants' motion for summary judgment (dkt 31) is **granted** and the plaintiff's motion for summary judgment (dkt 24) is **denied**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/01/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

---

[1] Smith also alleges in his responses to the defendants' cross motion for summary judgment that five of his books were lost upon his transfer to the Westville Control Unit in October of 2009, and concludes that the statute of limitations has not run on claims related to this allegation. However, because the complaint was filed on June 29, 2009, after he was transferred and the books were allegedly misplaced, he did not include this claim in his complaint. Accordingly, any claim that his books were lost in October of 2009 is not a subject of this action.