**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ERIC D. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 1:09-cv-964-WTL-JMS |
| | ) |
| JEFF WRIGLEY, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Motion for Relief of Judgment**

This cause is before the court on plaintiff Smith's motion for relief of judgment (dkt 59). That motion was filed with the clerk on June 10, 2010, and is directed to the Judgment entered on the clerk's docket on June 2, 2010, granting the defendants' motion for summary judgment.

Given the timing of the motion relative to the entry of final judgment, and given the arguments set forth in such motion, the motion is treated as a motion pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure. See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time period contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). The Court of Appeals has explained that there are only three valid grounds for a Rule 59(e) motion--newly-discovered evidence, an intervening change in the law, and manifest error in law. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998). A new legal theory that could have been addressed during the pendency of the action is not a valid basis for a motion to alter or amend judgment. *Roche Diagnostics Corp. v. Bayer Corp.*, 247 F.Supp. 2d 1065, 1068 (S.D. Ind. 2003).

In support of his motion, Smith argues for the first time in this action that Indiana's Journey's Account Statute tolls the statute of limitations because he initially brought this lawsuit in Marion Superior Court and failed. This new legal theory is not a proper ground for a motion to alter or amend judgment and the motion could be denied on this basis alone. *See Roche Diagnostics*, 247 F.Supp. 2d at 1068.

Even if the court considered Smith's argument, his motion for relief based on the Journey's Account Statute must still be denied. That statute provides:

(a) This section applies if a plaintiff commences an action and:
(1) the plaintiff fails in the action from any cause except negligence in the prosecution of the action;
(2) the action abates or is defeated by the death of a party; or

>  (3) a judgment is arrested or reversed on appeal.
> (b) If subsection (a) applies, a new action may be brought not later than the later of:
>> (1) three (3) years after the date of the determination under subsection (a); or
>> (2) the last date an action could have been commenced under the statute of limitations governing the original action;
>> and be considered a continuation of the original action commenced by the plaintiff.

This statute allows the plaintiff to bring a new action within three years of the determination in the original action or before the running of the statute of limitations governing the original action. *Id.* It "is designed to ensure that the diligent suitor retains the right to a hearing in court until he receives a judgment on the merits." *McGill v. Ling*, 801 N.E.2d 678, 684 (Ind. Ct. App. 2004). By its terms, the statute preserves only a "new action" that may be "a continuation of the first." *Cox v. Amer. Aggregates Corp.*, 684 N.E.2d 193, 195 (Ind. 1997). Typically, the statute saves "an action filed in the wrong court by allowing the plaintiff enough time to refile the same claim in the correct forum." *Id.*

Smith argues that the Journey's Account Statute applies to his claims because he previously brought a failed lawsuit in Marion Superior Court requesting, among other things, a declaration that he be permitted to possess hardcover books. The trial court dismissed his complaint and the Court of Appeals affirmed, explaining "we summarily find that Smith's complaint should be dismissed as one which is both frivolous and not a claim upon which relief may be granted." *Smith v. Ind. Dep't of Corr.*, 881 N.E.2d 1100, 1104 (Ind. Ct. App. 2008) In other words, Smith's claim for possession of his hardcover books failed on its merits. It was not rejected as having been filed in the wrong forum. The Journey's Account Statute does not provide an opportunity to relitigate a claim that has already been decided. Accordingly, the statute does not apply to the present action.

There was in this case no manifest error of law or fact. The court did not misapprehend Smith's claim, nor did it misapply the law to that claim. Accordingly, the post-judgment motion for relief of judgment, treated as a motion to alter or amend judgment (dkt 59), is **denied.**

**IT IS SO ORDERED.**

Date: 07/26/2010

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Eric D. Smith
#112675
Wabash Valley Long Term Segregation
6908 S. Old US Highway 41
P.O. Box 1111
Carlisle, IN 47838-1111

Bruce Benjamin Paul
bpaul@stites.com

Corinne T.W. Gilchrist
corinne.gilchrist@atg.in.gov

Lynne Denise Hammer
lynne.Hammer@atg.in.gov